[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO IMPLEMENT/CLARIFY/MODIFY AND #118 MOTION FOR COUNSEL FEES
The parties' 22 year marriage was dissolved on June 7, 1990 after an uncontested hearing. The parties placed an oral stipulated agreement on the record on that date.
The transcript of the proceedings indicates that the family residence at 6 Mortimer Drive, Old Greenwich is to be sold and the proceeds equally divided. It was further provided that upon the sale, the proceeds would be paid as follows: First to the brokers commission, the conveyance taxes and other reasonable costs of closing including attorney's fees; second, to the first mortgage to the Equitible and thirdly, the proceeds would be divided 50/50. The real estate in question has been solely in the defendant's name since prior to May 4, 1968. Both parties indicated on their financial affidavits filed in June 1990, that the defendant was the sole title owner of the family home.
The home has now been contracted for sale. The defendant alleges that if he is forced to sell the real estate in his name only, and absorb the total potential capital gains tax on the sale, he will suffer a great financial loss.
The defendant's Motion to Implement/clarify/Modify requests an order that the plaintiff accept delivery of a quit claim deed transferring 50% of the interest to the home prior to the sale and thus have the plaintiff absorb 50% of the capital gains tax.
Both parties were aware that the title to the real estate was solely in the defendant's name at the time the decree was entered, as indicated on the parties financial affidavits submitted at the time of trial.
The court is without authority to modify a property settlement agreement, (Sec. 46b-86(a) C.G.S.A.), and thus declines to order the plaintiff to accept delivery of a quit claim deed transferring 50% of the interest to the home prior to the sale. To do so would alter the property division and/or result in a modification of the original judgment.
The defendant's motion to implement/clarify/modify is denied. CT Page 5267
The plaintiff is awarded counsel fees of $250.
COPPETO, J.